UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALEX NELIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:17-cv-3091 |
| | ) |
| GEPA HOTEL OPERATOR | ) |
| INDIANAPOLIS LLC d/b/a HILTON | ) |
| GARDEN INN INDIANAPOLIS | ) |
| AIRPORT, PARK HOTELS | ) |
| & RESORTS INC. d/b/a HILTON | ) |
| HOTELS, and SCHAHET HOTELS, INC. | ) |
| d/b/a HILTON GARDEN INN | ) |
| INDIANAPOLIS AIRPORT, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Mr. Alex Nelis, hereinafter Mr. Nelis, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, GEPA Hotel Operator Indianapolis d/b/a Hilton Garden Inn Indianapolis Airport, Park Hotels d/b/a Hilton Hotels and Schahet Hotels, Inc. d/b/a Hilton Garden Inn Indianapolis Airport, hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, sex discrimination under Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), as amended by U.S.C.A . § 200 e(k).

1

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Nelis, is a male citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a domestic for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about September 9, 2016, Mr. Nelis filed charges of sex and gender discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2016-00036.

8. On or about June 9, 2017, Mr. Nelis received a Notice of Right to Sue from the EEOC for Charge Number 470-2016-00036, entitling him to commence action within ninety (90)

days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Mr. Nelis on or about June, 2016.

11. Throughout his employment with Defendant, Mr. Nelis met or exceeded Defendant's legitimate expectations of performance.

12. Mr. Nelis is male but does not follow traditional gender norms.

13. Comments from co-workers regarding Mr. Nelis' sex and gender began immediately upon his hire.

14. Mr. Nelis was called a "sissy."

15. Mr. Nelis was called a "queen."

16. Mr. Nelis was called a "fag" by the two lead housekeepers.

17. Mr. Nelis was called a "tranny."

18. The housekeeping manager would tell Mr. Nelis "not to be a girl, but to be a man."

19. The housekeeping manager also told Mr. Nelis he was an "over dramatic cry baby."

20. The maintenance manager called Mr. Nelis a "fag" and a "queen."

21. Mr. Nelis reported these comments and slurs to management.

22. The harassment and slurs were witnessed by other employees.

23. The harassing behavior continued even after being reported to management.

24. Mr. Nelis found a bed bug in one of the rooms and reported it to his housekeeping manager.

25. The housekeeping manager advised that maintenance would be sent to the room to evaluate.

26. When maintenance came to the room he met with the lead housekeeper and whispered back and forth.

27. After conversing with the lead housekeeper the maintenance man advised Mr. Nelis he was being terminated for "creative differences."

28. The General Manager was not present on the property at the time of Mr. Nelis' termination.

29. The maintenance manager took the opportunity to terminate Mr. Nelis while the General Manager was not present.

30. The maintenance manager engaged in frequent and regular discrimination against Mr. Nelis because he does not conform to gender norms/stereotypes.

31. The lead housekeepers harassed Mr. Nelis due to his gender on a frequent and regular basis.

32. The lead housekeepers and the maintenance manager engaged in harassment on the basis of Mr. Nelis' sex.

33. The lead housekeepers and the maintenance manager referred to Mr. Nelis using slurs and derogatory terms.

34. The Defendant permitted a hostile work environment where Mr. Nelis was discriminated against on the basis of his sex.

35. The Defendant permitted a hostile work environment on the basis of Mr. Nelis' gender.

36. The Defendant willfully and intentionally discriminated against Mr. Nelis on the basis of his sex and gender.

## COUNT I

## DISCRIMINATION ON THE BASIS OF SEX

Mr. Nelis, for his first claim for relief against Defendant, states as follows:

37. Mr. Nelis hereby incorporates by reference paragraphs 1 through 36 as though previously set out herein.

38. The conduct as described hereinabove constitutes discrimination on the basis of Mr. Nelis' sex.

39. The conduct as describe hereinabove constitutes discrimination on the basis of Mr. Nelis' gender.

40. The Defendant permitted a hostile work environment to exist for Mr. Nelis.

41. The Defendant intentionally permitted slurs and harassment towards Mr. Nelis to occur.

42. After reporting the sex discrimination and the hostile work environment to management, Mr. Nelis was terminated.

43. The Defendant terminated Mr. Nelis in retaliation for reporting sex discrimination.

44. The Defendant terminated Mr. Nelis due to his gender.

45. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of Mr. Nelis' rights as a male employee, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of his employment, in violation of Title VII.

46. Mr. Nelis has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Mr. Nelis, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay Mr. Nelis his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Mr. Nelis all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Mr. Nelis all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
David W. Stewart 14968-49
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff, Mr. Nelis, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
David W. Stewart 14968-49
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff