UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALEX NELIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO:1:17-CV-3091-TWP-DML |
| ) | |
| GEPA HOTEL OPERATOR ) | |
| INDIANAPOLIS LLC d/b/a HILTON ) | |
| GARDEN INN INDIANAPOLIS ) | |
| AIRPORT, PARK HOTELS ) | |
| & RESORTS INC. d/b/a HILTON ) | |
| HOTELS, and SCHAHET HOTELS, INC. ) | |
| d/b/a HILTON GARDEN INN ) | |
| INDIANAPOLIS AIRPORT, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Comes now the Plaintiff, by counsel Heather R. Falks, and hereby moves this court to deny the Defendant's Motion to Dismiss.

**STANDARD OF REVIEW**

A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of the complaint. *Trail v. Boys and Girls Club of Northwest Indiana*, 845 N.E.2d 130, 134 (Ind. 2006), *citing Kitco Inc. v. Corp. of Gen. Trade*, 706 N.E. 2d 581 (Ind.Ct.App.1999). A 12(B)(6) motion to dismiss is not a test of the sufficiency of the fact alleged with regards to their adequacy to end in recovery but rather a test of their sufficiency to have stated a factual scenario in which a legally actionable injury occurred. (*Id.*). The pleadings should be considered in the light most favorable to the Plaintiff and every reasonable inference drawn in favor of the non-moving party. *Id. citing Newman v. Dieter*, 702 N.E.2d 1093, 1097 (Ind.Ct.App.1998).

**ARGUMENT**

### A. Gender Discrimination Is A Basis For Recovery Under Title VII

Title VII addresses gender based harassment and gender based hostile work environment; gender bias. *Blozis v. Mike Raisor Ford, Inc.* 896 F.Supp. 805, 806 (N.D. Ind.1995). The court in *Blozis* found that "a man can state a claim under title VII for sexual harassment by another man only if he is being harassed because he is a man." *Id.* at 806, 807. The court in *Blozis* further reasoned that "[a] man can conceivably display anti-male bias without being homosexual" and "Title VII is meant to rectify gender bias in the workplace." *Id*. at 807, 808. Earlier this year the 7th Circuit United States Court of Appeals held that sexual orientation is protected under Title VII. *Hively v. Ivy Tech Community College of Indiana*, 853 F.3d 339, 351, 352 (7th Cir. 2017). In *Hively* the court cited to the United States Supreme Court's prior rulings that the practice of gender stereotyping falls within Title VII's prohibitions against sex discrimination even if the discrimination is by an individual of the same sex. *Id.* at 342 *citing Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) and *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 118 S.Ct. 998, 140 L.E.2d 201 (1998).

The Defendant in their Motion to Dismiss argues that the Plaintiff's complaint should be dismissed because Title VII does not protect transsexuals from discrimination and cited *Ulane v. Eastern Airlines* as authority. The Plaintiff in this case is not a transsexual. The complaint does not allege that the Plaintiff is a transsexual. To the contrary the complaint states that the Plaintiff is a male and that he was discriminated against by a fellow male co-worker for not meeting his co-worker's gender expectations of what a man should behave like. The Plaintiff was discriminated against due to gender stereotyping. The Plaintiff did not allege discrimination on the basis of sexual orientation. The Plaintiff alleges he was discriminated against because co-worker's made comments indicating they perceived him to be more feminine than masculine and

harassed him as a result. Therefore, the reliance by the Defendant upon *Ulane v. Eastern Airlines* is misplaced as *Ulane* only addresses whether or not Title VII protects transsexuals, transgenders or homosexuals, none of which is at issue here. Additionally, based upon the 7th Circuit Court of Appeals ruling in *Hively*, the Plaintiff would still be protected even if the alleged discrimination was based upon his sexual orientation or perceived sexual orientation.  The Plaintiff was a victim of gender stereotyping which the courts have clearly found to constitute sex discrimination under Title VII.  In *Ulane* the court even clarified that *Ulane* was discriminated against for being transsexual and not for being female but had she been discriminated against for being female she would be protected. *Ulane v. Eastern Airlines, Inc.*, 742 F.2d 1081, 1087 (7th Cir.1984). The court in *Hively* cited to *Ulane* and reasoned that *Hively* was disadvantaged because she is a woman. *Hively*, 853 F.3d 339, 345. The Plaintiff is male and was discriminated against by management and co-workers for being male but not meeting male stereotypes. The Defendant is incorrect in their assertion that the Plaintiff has alleged a complaint that is not protected under Title VII as demonstrated by the courts findings in *Hively*; therefore, the Defendant's motion to dismiss should be denied.

### B.  The Plaintiff has identified all possible and proper Defendant's

The Defendant also alleges that the Plaintiff's complaint should be dismissed because there are multiple Defendant's named and the Plaintiff's EEOC charge names Hilton Hotel as the employer. In support of their contention that the Plaintiff's complaint should be dismissed due to naming the improper defendant, the Defendant cited *Cummings v. United States Postal Service* as controlling authority. The court in *Cummings* dismissed the case because the face of the complaint did not indicate that the administrative processes had been exhausted and because when an individual sues the United States Postal Service they are to name the Postmaster

General. The Plaintiff in this case cited to the charge and charge number along with attaching the Dismissal and Notice of Rights signifying that all administrative remedies had been exhausted. *Cummings v. U.S. Postal Service*, WL 2383857 (2009). The Plaintiff worked at the Hilton Hotel located at the Indianapolis Airport and therefore, listed Hilton Hotel with the address of his employer on his EEOC charge. Attached as Exhibit A to the Complaint is the Dismissal and Notice of Rights and at the bottom of this document Kelly Eldridge is listed with Hilton Garden Inn Indianapolis Airport and the same address that the Plaintiff identified as being his place of employment in his initial charge. Upon drafting the Complaint the Plaintiff searched the Indiana Secretary of State website and there is no registration by the name of "Hilton Garden Inn Indianapolis Airport" and there are numerous entities doing business with the name/word Hilton in their title. Therefore, the Plaintiff sued all possible entities that may be the parent company of Hilton Garden Inn Indianapolis. The Defendant in their motion did not state that they never employed the Plaintiff. The Defendant also did not allege that they failed to receive notice from the EEOC. The EEOC is a notice process and the Defendant was put on notice that the Plaintiff was alleging sex discrimination. Given the fact that the Plaintiff did not include a copy of the EEOC charge along with the complaint, the only way the Defendant would have obtained this documentation within the time period required to file an Answer, would be if they in fact received a copy of the charge when they were served by the EEOC. It is disingenuous for the Defendant to now allege that the Plaintiff sued the wrong party when the Plaintiff named the company registered with the Indiana Secretary of State and the Defendant clearly received notice of the EEOC charge during the EEOC process. Furthermore, if it is the Defendant's contention that the d/b/a portion of the caption is improper, that can be amended within the allotted time period if necessary.

The Defendant also cited *Tritsis v. Bankfinancial Corp.,* as authority for dismissing this claim on the assertion that *Tritsis* was dismissed due to the complaint not containing facts showing defendant to be plaintiff's employer and this is a misrepresentation of the court's findings. In *Tritsis* the defendant moved to dismiss on the grounds that they did not qualify as an employer within the meaning of Title VII due to their number of employees and that they were not a joint employer with the "bank". *Tritsis v. Bankfinancial Corp.*, WL 5171785 (2016). *Tritsis* provided an exhibit that showed evidence that the "bank" and not the other Defendant were directing the terms and conditions of the Plaintiff's employment thereby evidencing the fact that they were not joint employers. *Id*. By contrast here the Defendant has not provided any evidence to indicate that they were not the Plaintiff's employer; rather the Defendant by including a copy of the EEOC charge actually indicates that they had notice of the Plaintiff's allegations and that they were in fact the Plaintiff's employer. The Defendant has not provided any exhibits contradicting the allegations in the complaint. The Defendant has not provided a sworn affidavit to indicate that the Plaintiff was never an employee of Defendant's. The proper line of inquiry would be whether or not Schahet Hotels, Inc. has a hotel located at 8910 Hatfield Dr., Indianapolis IN 46241 with the name Hilton contained in it's title. In reply to this memorandum counsel for the Defendant should state whether or not Schahet Hotels, Inc. has ever employed the Plaintiff and whether or not they have a hotel in operation at the address above, failure to do so calls into question their assertion that the Plaintiff has named the wrong Defendant's. If the Defendant can provide proof that they do not have a location at the above identified address and/or that they did not receive notice from the EEOC of the Plaintiff's sex discrimination claims, and/or that they never employed the Plaintiff then this evidence would be relevant to determining whether or not Schahet Hotels, Inc. was the Plaintiff's employer and thereby the proper Defendant in this case.

The Defendant has provided no such evidence and therefore has not contradicted any of the allegations in the complaint.

It is standard practice for Plaintiff's to name multiple defendants when they are unable to determine the proper entity as registered with the Indiana Secretary of State. To this date Schahet Hotels, Inc. is the only entity to hire counsel, enter an appearance and address the contentions named in the complaint; it can be easily determined through standard discovery in the future whether or not Schahet Hotels, Inc. ever employed the Plaintiff. The Defendant did not deny employing the Plaintiff. The Defendant did not deny receiving notice from the EEOC of the Plaintiff's sex discrimination claims. The Defendant has provided no evidence to indicate that they were not the Plaintiff's employer. The complaint is legally sufficient and the Defendant has not provided any evidence to indicate otherwise and the pleadings should be considered in the light most favorable to the Plaintiff with every reasonable inference to be drawn in favor of the non-moving party.

## **CONCLUSION**

For the reasons set forth above, the Court should deny the Defendant's Motion to Dismiss.

Respectfully submitted,

/s/ Heather R. Falks
Attorney at Law
Stewart & Stewart
931 S. Rangeline Rd.
Carmel IN 46032
317-846-8999
heatherf@getstewart.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon the following via electronic notification, this 11th day of December, 2017:

Paige Neel
Clausen Miller P.C.
10 S. LaSalle Street
Chicago IL 60603
pneel@clausen.com

                                                         /s/ Heather R. Falks
                                                          Attorney for the Plaintiff