#### IN THE UNITED STATES DISTRICT COURT
#### SOUTHERN DISTRICT OF INDIANA
#### INDIANAPOLIS DIVISION

| | |
|---|---|
| ALEX NELIS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No: 1:17-CV-3091-TWP-DML |
| ) | |
| GEPA HOTEL OPERATOR INDIANAPOLIS ) | |
| LLC, d/b/a HILTON GARDEN INN ) | |
| INDIANAPOLIS AIRPORT, PARK HOTELS ) | |
| & RESORTS INC d/b/a HILTON HOTELS, ) | |
| and SCHAHET HOTELS, INC. d/b/a HILTON ) | |
| GARDEN INN INDIANAPOLIS AIRPORT, ) | |
| ) | |
| Defendants. ) | |

### SCHAHET HOTELS, INC.'S MOTION TO DISMISS
### PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 37(b)(2) and 41(b)

Defendant Schahet Hotels, Inc., by and through its attorneys, Paige M. Neel and Daniel L. Polsby of Clausen Miller P.C., moves this Court for an order dismissing Plaintiff's Complaint with prejudice, pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b).

1. Plaintiff has engaged in a pattern of non-cooperation with his attorney, who had to withdraw as a result, and non-compliance with this Court's orders.

2. The parties attended a telephonic status hearing on October 5, 2018 (Doc. 44).

3. At that conference, counsel for Plaintiff advised the Court that she had lost contact with her client, who was non-cooperative and not responding to calls, emails or letters.

4. On December 14, 2018, Plaintiff's counsel filed a motion to withdraw in which she informed the Court that she had not been able to contact Plaintiff despite hiring an investigator (Doc. 45).

5. This Court entered an order on December 18, 2018, granting Plaintiff's counsel's motion to withdraw (Doc. 46).

1639186.1

6. On December 18, 2018, this Court entered a case management schedule (Doc. 47).

7. The case management schedule required the parties to A. exchange lists of witnesses with knowledge of claims or defenses and B. exchange copies of all documents, computer files, and other electronic data that each party may use to prove its case, by February 1, 2019.

8. The case management schedule required Plaintiff to C. disclose a written estimate of damages with supporting documents and D. make a written settlement demand by February 1, 2019.

9. The Court's case management schedule allowed the parties approximately 6 weeks to comply with its initial requirements.

10. Defendant complied with paragraphs A and B of the Court's order and will provide verification of compliance upon request.

11. Plaintiff did not comply with any aspect of the Court's order.

12. Paragraph D requires Defendant to respond to Plaintiff's demand within 30 days, which is not possible because Plaintiff failed to make a settlement demand.

13. The remaining paragraphs of the Court's order require Defendant to take other actions and meet other deadlines.

14. Defendant cannot comply with the remainder of the Court's order.

15. Defendant has expended fees and time to comply with paragraphs A and B of the Court's order.

16. On February 8, 2019, Defendant's counsel contacted Plaintiff via email[1] and U.S. Mail to request pursuant to Fed. R. Civ. P. 37(a) that Plaintiff comply with the Court's order and

---

[1] The email is dated February 3, 2019, but was sent on February 8, 2019.

requested that Plaintiff do so by February 14, 2019.  Copies of defense counsel's letter and email with transmittal confirmation are attached as exhibits 1 and 2.

17. This Court has discretion to dismiss this lawsuit as a sanction under Rules 37(b)(2) and 41(b).  *Bolanowski v. GMRI, Inc.*, 178 F. App'x 579, 581 (7th Cir. 2006).  Rule 37(b)(2) requires bad faith or fault and Rule 41(b) requires a clear record of delay or contumacious conduct.  *Id*.  Plaintiff's conduct of initially refusing to respond to his attorneys and then failing to comply with the Court's case management schedule demonstrates the appropriateness of dismissal as a sanction.

18. Plaintiff's conduct prejudiced Defendant to the extent that Defendant had to expend attorney time and fees to comply with the Court's case management schedule.

19. Defendant respectfully requests that this Court enter an order dismissing this lawsuit with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b).

Wherefore, Defendant respectfully requests that this Court exercise its discretion to dismiss this lawsuit with prejudice.  In the alternative, Defendant requests whatever sanction the Court deems appropriate, including an award of attorney fees for the time that Defendant expended preparing this motion and complying with the Court's case management schedule.

Respectfully submitted,

 /s/Daniel L. Polsby
PAIGE M. NEEL
CLAUSEN MILLER P.C.

PAIGE M. NEEL (23074-53)
DANIEL L. POLSBY (28854-45)
CLAUSEN MILLER P.C.
10 S. LaSalle Street
Chicago, IL  60603-1098
Ph: 312.855.1010
Fax: 312.606.7777
pneel@clausen.com
Counsel for Defendant, *Schahet Hotels, Inc.*

3

## CERTIFICATE OF SERVICE AND NOTICE OF ELECTRONIC FILING

The undersigned hereby certifies that on February 15, 2019, he electronically file the foregoing with the Clerk of the Court using electronic system which sent notification of such filing to the parties who are registered participants with the System.  I hereby certify that I did mail or deliver a true and correct copy of the foregoing document to any non CM/ECF participant.

                                                     */s/Daniel L. Polsby*
                                                     CLAUSEN MILLER P.C.

1639186.1